IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| O.W., JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 7:21-CV-127 (TQL) |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Plaintiff filed this Social Security appeal on September 24, 2021, challenging the Commissioner's final decision denying his disability application, finding him not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Both parties consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to, ordering the entry of judgment. (Doc. 7; Clerk's Entry, Oct. 12, 2021). The parties may appeal from the judgment, as permitted by law, directly to the United States Court of Appeals for the Eleventh Circuit. 28 U.S.C. § 636(c)(3). Jurisdiction arises under 42 U.S.C. §§ 405(g) and 1383(c). All administrative remedies have been exhausted.

*Legal Standard*

In reviewing the final decision of the Commissioner, the Court must evaluate whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards to the evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, which is defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Brito v. Comm'r, Soc. Sec.*

*Admin.*, 687 F. App'x 801, 803 (11th Cir. 2017) (per curiam) (first citing *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam); and then quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991) (citations omitted).

"Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). "In contrast, the [Commissioner's] conclusions of law are not presumed valid. The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46 (citations omitted).

Under the Regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant suffers from a severe impairment which significantly limits his or her ability to carry out basic work activities. Third, the Commissioner evaluates whether the claimant's impairments meet or equal listed impairments in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) will allow a return to past relevant work. Finally, the Commissioner determines whether the claimant's RFC, age, education, and work experience allow for an adjustment to other work.

*Administrative Proceedings*

Plaintiff protectively filed applications for Child's Insurance Benefits and Supplemental Security Income on December 12, 2019. (Tr. 17, 72, 85). In his applications, Plaintiff alleged an

initial onset date of January 1, 2014. (Tr. 17, 73, 86, 270). The Social Security Administration denied Plaintiff's claims initially and upon reconsideration. (Tr. 17, 154, 158, 169, 189). Plaintiff requested a hearing (Tr. 210) and appeared before an Administrative Law Judge (ALJ) on March 23, 2021 (Tr. 17, 39).

In a hearing decision dated May 12, 2021, the ALJ determined Plaintiff was not disabled. (Tr. 17-30). The ALJ's decision became the final decision of the Commissioner upon the Appeals Council's denial of review. (Tr. 1-3).

**Statement of Facts and Evidence**

Plaintiff was born on April 24, 2001, and he was nineteen (19) years old at the time of his hearing before the ALJ. (Tr. 20, 270). Plaintiff completed high school while enrolled in a special education curriculum. (Tr. 21).

The ALJ determined that Plaintiff suffered from the following severe impairments: attention deficit/hyperactivity disorder, major depressive disorder, anxiety disorder, obsessive-compulsive disorder, and asthma. (Tr. 20). The ALJ determined that Plaintiff suffered from the medically determinable impairment of obesity, but that it was not a severe impairment. (Tr. 21).

Considering the evidence relating to all of Plaintiff's impairments, individually and in combination, the ALJ found no evidence that the combined clinical findings from such impairments reached the level of severity contemplated in the listings. (Tr. 21-22).

Considering the "paragraph B" criteria, the ALJ found that Plaintiff had a moderate limitation in his ability to understand, remember, or apply information; a moderate limitation in his ability to interact with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a moderate limitation in his ability to adapt or manage himself. (Tr. 21-22). Because the ALJ found that Plaintiff's medically determinable mental impairments did not cause at least two

"marked" limitations or one "extreme" limitation, the ALJ found that the "paragraph B" criteria were not satisfied. (Tr. 22). The ALJ found that Plaintiff's mental impairments did not meet or medically equal the "paragraph C" criteria of listings 12.04 and 12.06. *Id.*

Considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels, except that he could not climb ladders, ropes, or scaffolds; could not perform driving as a job duty; could tolerate frequent exposure to fumes, odors, dusts, gases, and chemicals; must avoid all exposure to workplace hazards such as dangerous moving machinery and unprotected heights; was limited to simple and routine tasks consistent with Reasoning Level 1 and/or 2, as defined by the Dictionary of Occupational Titles; could tolerate frequent interaction with coworkers and supervisors; and could tolerate occasional interaction with the public. (Tr. 23).

The ALJ found that Plaintiff had no past relevant work. (Tr. 28). Considering Plaintiff's age, education, work experience, and RFC, the ALJ also determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 28-29).

Ultimately, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, at any time since January 1, 2014, through May 12, 2021, the date of the ALJ's decision. (Tr. 29-30).

## DISCUSSION

Plaintiff argues that the Appeals Council erred in refusing to exhibit new and material evidence. (Doc. 18, pp. 3-7).

When Plaintiff sought review from the Appeals Council, he submitted a letter from Dr. Renaud dated July 14, 2021. (Tr. 1-2, 8). In the letter, in relevant part, Dr. Renaud said

> I find it hard to believe that any mental health clinician who has actually examined [Plaintiff] on a regular basis would disagree with

>the assessments that I reported in my questionnaire. His mood is almost always dysphoric and anxious and his affect is incongruent with his mood. [Plaintiff] presents with an expensive [*sic*] flow of thoughts, tangential rambling and a pressured, anxious manner of speech.

(Tr. 8) (*See also* Doc. 18, p. 5 (quoting Tr. 8)). The Appeals Council found that the letter from Dr. Renaud did not show a reasonable probability that it would change the outcome of the decision. (Tr. 2).

Plaintiff argues that the letter provided objective observations that the ALJ ruled were not apparent from Dr. Renaud's handwritten notes and that it was material because the letter provided important context with which to interpret Plaintiff's self-reported moods. (Doc. 18, p. 6). In support thereof, Plaintiff relies principally upon *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998), and *Washington v. Social Security Administration, Commissioner*, 806 F.3d 1317, 1320 (11th Cir. 2015). (Doc. 18, pp. 3-4).

In relevant part, the Appeals Council will review an ALJ's decision only when there is a reasonable probability that new and material evidence would change the outcome of the decision. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit discussed the review of new evidence submitted to the Appeals Council and found that "a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)." *Ingram*, 496 F.3d at 1265 (citing *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064 (11th Cir. 1994)). The district court must determine "whether the Appeals Council correctly decided that the 'administrative law judge's action, findings, or conclusion is [not] contrary to the weight of the evidence currently of record.'" *Id.* at 1266-67 (citing 20 C.F.R. § 404.970(b)). New evidence

5

presented to the Appeals Council may provide the basis for a Sentence Four remand if "the Appeals Council did not adequately consider the additional evidence." *Bowen v. Heckler*, 748 F.2d 629, 636 (11th Cir. 1984) (discussing *Johnson v. Harris*, 612 F.2d 993 (5th Cir. 1980)). The Court finds that the Appeals Council did not err for the following reasons.

Under the Regulations governing the procedures before the Appeals Council, the Appeals Council will "evaluate all additional evidence it receives, but [it] will only mark as an exhibit" additional evidence which "relates to the period on or before the date" of the ALJ's decision, and is, both, new and material, and "there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.976(b), 404.970(a)(5), 416.1476(b), 416.1470(a)(5). The Appeals Council found that Dr. Renaud's letter did not show a reasonable probability that it would change the outcome of the ALJ's decision. (Tr. 2). For the following reasons, the Court also finds that there is not a reasonable probability that Dr. Renaud's letter would change the outcome of the ALJ's decision.

First, to the extent that Dr. Renaud's letter is evidence, that evidence was already in the record and the ALJ considered it. The ALJ explicitly considered Dr. Renaud's mental health questionnaire dated February 1, 2021, which the ALJ says "noted mental status examination with [incongruent] affect, with feelings opposite of what is appropriate for context. Mood was dysphoric and anxious . . . Dr. Renaud offered diagnoses of anxiety disorder, depressive disorder, and ADHD. 'If employed, client needs a job coach, limited [unreadable], slow & repetitive job tasks[.]'" (Tr. 26) (third alteration in original). Dr. Renaud's letter only repeats what the ALJ expressly stated she already considered from Dr. Renaud's mental health questionnaire.

6

Second, the ALJ found Plaintiff's anxiety disorder, depressive disorder, and attention-deficit/hyperactive disorder were severe impairments, each of which Dr. Renaud offered as diagnoses of Plaintiff. (Tr. 549).

Third, to the extent that Dr. Renaud reiterated her observations of Plaintiff's flow of thoughts, tangential rambling, and his pressured, anxious manner of speech (Tr. 8), the ALJ states in her decision that the "hearing was a long discussion among [Plaintiff], his representative, and [the ALJ]." (Tr. 22). A review of the hearing transcript shows that the ALJ was aware of Plaintiff's flow of thoughts and his tangential rambling. (*See, e.g.*, Tr. 54-56, 58-60 ("I'll read you what I have . . . written down. I mean, he said a lot more things, but the essence of what he said.")). As a result, there is not a reasonable probability that Dr. Renaud's letter would change the outcome of the ALJ's decision because Dr. Renaud's letter only repeated what the ALJ had previously expressly considered, the ALJ found the diagnoses offered by Dr. Renaud were severe impairments, and the ALJ was aware of Plaintiff's thought and speech patterns. Accordingly, the Appeals Council was not required to exhibit Dr. Renaud's letter.

The cases relied upon by Plaintiff – neither of which address the Appeals Council's obligation to "exhibit" evidence – do not compel a different conclusion. In *Washington*, the Appeals Council "explained that it refused to consider the additional evidence" because the additional evidence "concerned a later time period and [was] immaterial[.]" *Washington*, 806 F.3d at 1320. The Eleventh Circuit reversed, finding that the Appeals Council could not refuse to consider the additional evidence because the additional evidence <u>was</u> material and <u>was</u> chronologically relevant. *Id.* at 1321-23. Here, the Appeals Council did not "explain" that it refused to consider Dr. Renaud's letter. Rather, the Appeals Council found that there is not a reasonable probability that Dr. Renaud's letter would change the outcome of the ALJ's decision.

In *Falge*, the Eleventh Circuit recognized two "cases" in which a district court will consider evidence submitted only to the Appeals Council. The first "case" involves "newly discovered evidence." *Falge*, 150 F.3d at 1323. Dr. Renaud's letter is not newly discovered evidence. It repeats her diagnoses of Plaintiff and her observations of Plaintiff's thought and speech patterns, all of which the ALJ previously considered. The first *Falge* "case" is, thus, not applicable.

However, even if it is applicable, Plaintiff would need to show that "(1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result,[1] and (3) good cause exists for [Plaintiff's] failure to submit the evidence at the appropriate administrative level." *Id.* (citations omitted). Dr. Renaud's letter is not noncumulative, and there is not a reasonable possibility that it would change the ALJ's decision such that Dr. Renauld's letter is not "material" as *Falge* defines "material." As a result, Plaintiff has not shown that the first *Falge* "case" is applicable, and even if it is, Plaintiff is not entitled to remand.

The second *Falge* "case" occurs when the Appeals Council "refuses to consider new evidence submitted to it and denies review[.]" *Id.* at 1324 (citation omitted). In such a case, the Court "will have to look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the [Appeals Council] must consider in making its decision to review an ALJ's decision." *Id.* (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)). Here, the Appeals Council did not "refuse" to consider Dr. Renaud's letter. However, even if the Appeals Council "refused" to consider Dr. Renaud's letter, Dr. Renaud's letter is not "material" in the way that *Falge* defines "material," because there is not a reasonable possibility that it would change the ALJ's decision.

---

[1] *Falge* appears to conflate "material" with "a reasonable probability that the additional evidence would change the outcome of the decision." *See Falge*, 150 F.3d at 1323. However, the Court need not address this issue, because the Court finds that there is not a reasonable probability nor a reasonable possibility that Dr. Renaud's letter would change the outcome of the decision. Thus, the Appeals Council was not required to "exhibit" Dr. Renaud's letter.

8

As a result, the Appeals Council was not required to consider Dr. Renaud's letter in making its decision to review the ALJ's decision under the second *Falge* "case."

Finally, it is not clear whether Plaintiff bases his argument for remand on the Appeals Council's failure to "exhibit" Dr. Renaud's letter, or on the Appeals Council's alleged failure to "consider" Dr. Renaud's letter, or both. Plaintiff did not file a reply brief, and thus did not respond to the Commissioner's statement that the Appeals Council "considered the evidence submitted to it in denying Plaintiff's request for review[.]" (Doc. 19, p. 4). Having found that the Appeals Council was not required to "exhibit" Dr. Renaud's letter, the Court will determine whether the Appeals Council was required to "consider" the letter.

Under the Regulations and the Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX"), "exhibit" and "consider" are distinct actions, with distinct requirements to be met for either action to occur. "Generally, the [Appeals Council] will only <u>consider</u> additional evidence as a basis for granting review if the claimant meets" several requirements, one of which requires a showing that "there is a reasonable probability that the additional evidence will change the outcome of the decision."[2] HALLEX § I-3-3-6(B), https://www.ssa.gov/OP_Home/hallex/I-03/I-3-3-6.html (last visited Nov. 28, 2022) (emphasis added). Here, the Appeals Council found that Dr. Renaud's letter did not show a reasonable probability that the additional evidence will change the outcome of the decision. Accordingly, under HALLEX § I-3-3-6(B) the Appeals Council was not required to consider Dr. Renaud's letter as a basis for granting review.

---

[2] Technically, the applicable HALLEX section is I-3-5-20, which addresses the evaluation of additional evidence as a basis for denying review of the ALJ's decision by the Appeals Council. However, the relevant subsections of HALLEX § I-3-5-20 refer back to HALLEX § I-3-3-6, which addresses substantive review of the ALJ's decision by the Appeals Council. *See* HALLEX § I-3-5-20, https://www.ssa.gov/OP_Home/hallex/I-03/I-3-5-20.html (last visited Nov. 28, 2022).

Having examined Dr. Renaud's letter, along with the evidence in the record and the ALJ's decision, the Court finds that the Appeals Council did not err in finding that Dr. Renaud's letter would not have changed the ALJ's decision. *See Hoffman v. Astrue*, 259 F. App'x 213, 218 (11th Cir. 2007) (per curiam) (affirming the Appeals Council's decision not to remand the case to the ALJ based on new evidence before the Appeals Council because it would not change the ALJ's decision as the new evidence was based on evidence already before the ALJ.).

## CONCLUSION

As the Appeals Council adequately considered the additional evidence submitted by Plaintiff, and the Appeals Council was not required to "exhibit" said evidence, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 28th day of November, 2022.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE